## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**STEPHEN HOOKER,**

**Plaintiff,**                                    **Case No.  4:18-cv-377_____**

                                                 On removal from the Circuit Court of the
                                                 Second Judicial Circuit, In and for Gadsden
**v.**                                           County, Florida, Case No. 2018-CA-000419

**MIKE CARROLL, as Secretary of the Florida Department of
Children and Families, MARGUERITE MORGAN, individually and
As Administrator of Florida State Hospital, RICKY RENARD
WYCHE, JR., and LATRELLE FAIN, individually,**

**Defendants.**
_____/

### DEFENDANTS' NOTICE OF REMOVAL

The Defendants, MIKE CARROLL, as Secretary of the FLORIDA
DEPARTMENT OF CHILDREN & FAMILIES, and MARGUERITE MORGAN,
individually and as Administrator of Florida State Hospital, pursuant to 28 U.S.C.
§1441, et seq, and 1446, and Local Rules 3.1(B) and 7.2 of the United States
District Court for the Northern District of Florida, hereby give notice of the
removal of an action pending in the Circuit Court of the Second Judicial Circuit, in
and for Gadsden County, Florida, and in support of the removal, states the
following:

1.      Defendants desire to exercise their right under the provisions of Title
28 U.S.C. §1441, et seq., to remove this action from the Circuit Court of the

Second Judicial Circuit in and for Gadsden County, Florida, where it is now pending under the name and style of *Stephen Hooker v. MIKE CARROLL, as Secretary of the Florida Department of Children and Families, et al., Case No. 18CA000419* (hereinafter referred to as the Circuit Court Action).  The Circuit Court Action is of a civil nature over which the United States district courts have been given original jurisdiction and which may be promptly removed.  <u>See</u> 28 U.S.C. §1331 and 1441.  Specifically, Plaintiff's claims for damages include federal claims brought 42 U.S.C. §§ 1983 and 1988 for purported violations of Plaintiff's rights under the Fourteenth Amendment.  <u>See</u> Exhibit A, Plaintiff's Complaint at ¶¶ 3, 63 66, and 69.

2. Under the provisions of 28 U.S.C. §1441, <u>et seq.</u>, Defendants have the right to remove this cause from the Circuit Court Action to the United States District Court for the Northern District of Florida, Tallahassee Division, the district and division in which the action is currently pending.

3. Plaintiff served the summons and complaint upon the Florida Department of Children & Families and Marguerite Morgan on July 19, 2018.  In accordance with the requirements of 28 U.S.C. §1446, this petition for removal is filed within 30 days after receipt of the initial pleading by the Defendants through service of the summons and complaint.

4.     Pursuant to 28 U.S.C. §1446(a), Defendants have filed with this Notice of Removal, true and legible copies of Plaintiff's Complaint and all process, pleadings or orders on file in the state court as of the date of this Notice of Removal, including copies of the following documents served upon it or which have been filed in the Circuit Court Action:

(a)     Plaintiff's Complaint is attached hereto as <u>Exhibit A</u>.

(b)     The summonses that have been issued to Plaintiff by the Gadsden County Clerk of Court are attached hereto as <u>Exhibit B</u>.[1]

(c)     The summonses for Defendants Mike Carroll, as Secretary of the Department of Children and Families, and Marguerite Morgan, evidencing the date of service of process of Plaintiff's complaint are attached hereto as <u>Exhibit C,</u> in lieu of the formal service returns, which have not yet been filed by Plaintiff.

(d)     Notice of Appearance by Henry Buchanan, P.A. on behalf of the Defendants Carroll and Morgan, served on August 2, 2018, is attached hereto as <u>Exhibit D</u>.

5.     As set forth herein, the Defendants desire and are entitled to have this cause removed from the Circuit Court of the Second Judicial Circuit in and for

---

[1] A review of the Gadsden County Clerk's online docket reveals that summonses for the other named defendants, Ricky Renard Wyche, Jr., and Latrelle Fain, have not yet been issued.

Gadsden County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division.

6.      Written notice of the filing of this petition will be given to the adverse party as required by law.

7.      A true copy of this petition will also be filed with the Clerk of the Circuit Court of the Second Judicial Circuit in and for Gadsden County, Florida, as required by law.

WHEREFORE, Defendants, MIKE CARROLL, as Secretary of the FLORIDA DEPARTMENT OF CHILDREN & FAMILIES, and MARGUERITE MORGAN, individually and as Administrator of Florida State Hospital, respectfully request that this action be removed to this Court and that this Court accept jurisdiction and, henceforth, that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

Dated this 8th day of August, 2018.

HENRY BUCHANAN, P.A.


*s/ Laura Beth Faragasso*
LAURA BETH FARAGASSO
Florida Bar No. 0654604
lbfaragasso@henryblaw.com
DAWN M. McMAHON
Florida Bar No. 735531
dmcmahon@henryblaw.com

Post Office Drawer 14079
Tallahassee, Florida 32317-4079
Telephone:   (850) 222-2920
Facsimile:   (850) 224-0034
Attorneys for Defendants
*MIKE CARROLL, as Secretary of the*
*FLORIDA DEPARTMENT OF CHILDREN*
*& FAMILIES, and MARGUERITE*
*MORGAN, individually and as*
*Administrator of Florida State Hospital.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

electronically filed via the CM/ECF system and furnished via electronic mail and

U.S. Mail to: James V. Cook, Esq., 314 W. Jefferson St., Tallahassee, FL 32301 on

this 8th day of August, 2018.

*s/Laura Beth Faragasso*
Attorney

# Exhibit A

### to
### DEFENDANTS' NOTICE OF REMOVAL

# Plaintiff's Complaint

STEPHEN HOOKER v. MIKE CARROLL, as Secretary of the Florida Department of
Children and Families, MARGUERITE MORGAN, individually and
As Administrator of Florida State Hospital, RICKY RENARD
WYCHE, JR., and LATRELLE FAIN, individually,
USDC CASE NO:   4:18-cv-377

Filing # 72786508 E-Filed 05/30/2018 01:05:17 PM

## IN THE CIRCUIT COURT FOR THE SECOND JUDICIAL CIRCUIT
## IN AND FOR GADSDEN COUNTY, FLORIDA

STEPHEN HOOKER,

     Plaintiff,

v.

MIKE CARROLL as Secretary of the Florida
Department of Children and Families,
MARGUERITE MORGAN, individually and
as Administrator of Florida State Hospital,
RICKY RENARD WYCHE, JR., and
LATRELLE FAIN, individually,

     Defendants.

Case No.

## COMPLAINT FOR DAMAGES

Plaintiff sues Defendants and alleges:

### Jurisdiction and Venue

1.    This is an action for damages greater than $15,000.00.

2.    This Court has jurisdiction over the federal law claims raised pursuant to Article V,

    Section 5(b) of the Florida Constitution.

3.    Plaintiff's federal claims are predicated upon 42 U.S.C. §§ 1983 and 1988.

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

5.    All conditions precedent to this lawsuit have been satisfied or waived.

### Parties

6.    Plaintiff STEPHEN HOOKER is a resident of Florida. At all times material hereto, he

    resided at the Florida State Hospital in Chattahoochee, Florida.

7.    Defendant, MIKE CARROLL is sued as the Secretary of the Florida Department of

    Children and Families and is the ultimate policymaker for the agency.

8.  Defendant, MARGUERITE MORGAN is the Administrator of Florida State Hospital and is responsible for the hiring, supervision, training, and retention of its employees. She is sued in her individual capacity.

9.  At all times material hereto, LATRELL D. FAIN was Shift Supervisor at the Florida State Hospital. He is sued in his individual capacity.

10. At all times material hereto, RICKY WYCHE, JR., was a Rehabilitation Specialist at the Florida State Hospital. He is sued in his individual capacity.

<u>**Common Allegations Of Fact**</u>

11. Florida State Hospital is operated by the State of Florida Department of Children and Families (FDCF) and located in Gadsden County, Florida.

12. Plaintiff Stephen Hooker was a patient at Florida State Hospital.

13. Mr. Hooker's disabilities substantially limit one or more major life activities.

14. Mr. Hooker is also a vulnerable adult.

15. Because of his disabilities, Mr. Hooker was vulnerable to abuse.

16. Because of these physical and cognitive disabilities, Mr. Hooker had to depend on Defendants to protect him from harm.

**A. The First Incident, June 2 and 3, 2014**

17. The campus of Florida State Hospital includes various housing units, with locked wards that are separate from each other.

18. Each door to a Ward has a surveillance camera overhead and a button to push to contact staff for permission to enter.

19. Anyone who tried to enter the Ward would be seen by the person on duty.

20. On June 2, 2014, Stephen Hooker was using the phone when he was assaulted by Residents now known only as Residents 123407, 123478, and 110963.

21. The residents threw a liquid at him and caused a hematoma to Hooker's head.

22. These residents openly threatened Mr. Hooker with future harm.

23. On June 3, 2014, two of the same residents were let into the ward where Hooker had been moved for protection by a staff member while Mr. Hooker was on the phone.

24. Mr. Hooker was assaulted by the two residents for a second time.

25. Mr. Hooker was supposed to be physically separated from the two.

26. The Ward Supervisor, Defendant Latrelle Fain, saw the two residents standing at the door on the video monitor, acting loud and threatening.

27. Mr. Hooker complained to the Ward Supervisor that they were threatening.

28. Nevertheless, the Ward Supervisor deliberately pushed the button to let them come into the wing where Mr. Hooker was placed for protection.

29. Plaintiff was taken to the emergency room on FSH grounds.

30. Plaintiff lost a lot of blood and had stitches around the eyes and mouth.

31. The assailants broke his partial dental plate.

32. Photographs were taken of the injuries.

33. An investigation was undertaken by FDCF Adult Services.

34. The Adult Safety Assessment made findings of negligence by staff in that Plaintiff's attackers should not have been allowed to enter Plaintiff's ward.

## B. The Second Incident, August 17, 2016

35. On August 17, 2016, Stephen Hooker was once again attacked by violent and predatory residents at Florida State Hospital.

36. FSH residents Willie Whitehead and Stephoen Young had threatened Mr. Hooker earlier in the day on August 17, 2016.

37. Unit Treatment and Rehabilitation Specialist Ricky Renard Wyche, Jr., intervened to end the threats and Whitehead and Young left the area.

38. As they were walking away, Whitehead and Young were heard to threaten Hooker with future harm, saying, "We gonna get that Nigga!"

39. Despite the threat of future violence, no further action was taken to keep the residents separate, to sequester Whitehead or Young, or protect Hooker.

40. Sometime between 5:00 and 6:00 p.m., Mr. Hooker was in the bathroom in Pod A and was physically attacked by the same two residents.

41. Whitehead approached Hooker from behind and began punching him in the back of the head and choking him so that his face was changing colors.

42. While Mr. Hooker was trying to defend himself against Whitehead, Stephoen Young began kicking Hooker in the back and right ribcage.

43. Mr. Hooker's head and jaw were swollen and he had injuries to his ribs and back and received treatment for the injuries.

44. Photos of the injuries were taken by law enforcement.

45. Willie Whitehead had a history of violent felonies, including Aggravated Assault and Aggravated Battery on Law Enforcement Officers, Resisting Arrest with Violence, and Battery on Facility Staff.

46. The second attacker, Stephoen Young had a similar history of violent felonies, including Battery on a Law Enforcement Officer, Battery on a Person 65 or Older, and two counts of Strong-Arm Robbery.

### C.  Conditions at Florida State Hospital Were Known to Be Dangerous

47.  Between June of 2014 and August of 2016, conditions for residents at the Florida State Hospital were known to be dangerous.

48.  Procedures were not in place to protect residents from violence at the hands of other residents, even when staff had notice of threats.

49.  Wards were not operated in accordance with written policies and procedures.

50.  The wards were often understaffed. There were not always enough staff to monitor and supervise all the inmates and control the movement of inmates.

51.  Due to their overwhelming responsibilities in the ward, staff often had to rely on disabled inmates like Plaintiff to look out for their own welfare.

52.  Staff in the ward often did not discipline or even effectively segregate inmates who threatened to harm other inmates.

53.  Staff often allow violent inmates into the phone room as a form of retaliation against residents who file complaints.

54.  Defendants' policies and customs created a substantial risk of serious harm to inmates at Florida State Hospital.

55.  Defendants knew about this risk, which was longstanding, pervasive, well-documented, and apparent to any knowledgeable observer.

56.  Defendants were further placed on notice by critical inspection reports; numerous inmate complaints and requests for assistance.

57.  Despite notice, Defendants failed to:

   a.  take measures to abate this substantial risk of serious harm;

   b.  improve supervision of inmates at the ward;

    c.   remedy critical issues in staff training;

    d.   administer the ward in accordance with written procedures;

    e.   adequately increase staffing at the ward;

    f.   implement adequate screening, classification, or disciplinary procedures.

58.   As a result of Defendants failure to take action to prevent serious harm to inmates at the ward, Plaintiff was the victim of repeated violent assaults.

59.   Plaintiff suffered pain, emotional distress, permanent physical disfigurement, and will continue to suffer from these injuries in the future.

60.   As a result of these events, Plaintiff suffered serious physical injury, pain, disfigurement, and emotional distress.

61.   These events occurred because of the deliberate indifference of Defendant George Carroll, as Secretary of the Florida Department of Children and Families and Florida State Hospital Administrator MARGUERITE MORGAN.

62.   As it was necessary for Plaintiff to retain an attorney to file this lawsuit, Plaintiff is entitled to an award of attorneys' fees and costs.

**Causes of Action**

**I.**    **Failure to Protect under 42 U.S.C. § 1983**

63.   Plaintiff Hooker is entitled to relief against Defendant LATRELLE FAIN, individually, for deliberate indifference to the substantial risk of serious harm to Plaintiff by assault by other inmates at the Florida State Hospital, pursuant to 42 U.S.C. § 1983, depriving Plaintiff of his rights under the Fourteenth Amendment to the United States Constitution.

64.   The failure to protect Stephen Hooker is more fully described in Section A, above.

65.  As it was necessary for Plaintiff to retain an attorney to file this lawsuit, Plaintiff is entitled to an award of attorneys' fees and costs.

**II.      Failure to Protect under 42 U.S.C. § 1983**

66.  Plaintiff Hooker is entitled to relief against Defendant RICKY WYCHE, individually, for deliberate indifference to the substantial risk of serious harm to Plaintiff by assault by other inmates at the Florida State Hospital, pursuant to 42 U.S.C. § 1983, depriving Plaintiff of his rights under the Fourteenth Amendment to the United States Constitution.

67.  The failure to protect Stephen Hooker is more fully described in Section B, above.

68.  As it was necessary for Plaintiff to retain an attorney to file this lawsuit, Plaintiff is entitled to an award of attorneys' fees and costs.

**III.     Failure to Protect under 42 U.S.C. § 1983**

69.  Plaintiff Hooker is entitled to relief against Defendant FSH Administrator MARGUERITE MORGAN, individually for deliberate indifference to the substantial risk of serious harm to Plaintiff by assault by other inmates at the Florida State Hospital, pursuant to 42 U.S.C. § 1983, depriving Plaintiff Hooker of his rights under the Fourteenth Amendment to the United States Constitution.

70.  The failure to protect Stephen Hooker is more fully described in Section C, above.

71.  As it was necessary for Plaintiff to retain an attorney to file this lawsuit, Plaintiff is entitled to an award of attorneys' fees and costs.

**IV.     Abuse and Neglect of a Vulnerable Adult (§ 415.1111 Fla.Stat.)**

72.  Stephen Hooker is entitled to relief against Defendant RICKY WYCHE under the Adult Protective Services Act.

73.   Stephen Hooker met the definition of a "vulnerable adult" in that he was an adult whose ability to perform the normal activities of daily living or to provide for his own care was

impaired due to a mental health condition.

74.  The aforementioned Defendants assumed the responsibility for a caregiver relationship,
     involving either the regular and frequent care of Stephen Hooker, or the provision of
     services on a temporary basis.

75.  The aforementioned Defendants had a duty to avoid acts or omissions that caused
     significant impairment to decedent's physical health.

76.  The Defendants had a duty of care to Stephen Hooker to provide care, monitoring,
     supervision and protection necessary to maintain his health, which a prudent person
     would consider necessary for a vulnerable adult.

77.  Defendants, their agents or employees, breached that duty of care by neglect and careless
     actions and by abusive acts or omissions that could reasonably be expected to result in
     serious physical injury.

78.  The above Defendants, acting in the course and scope of their employment, though
     having knowledge Stephen Hooker could not protect himself, breached their duties to
     him in one or more of the following ways:

     a.  Failing to properly hire, supervise, train, and discipline persons involved in the
         supervision and care of vulnerable adults;

     b.  Failing to follow normal and accepted humane protective services relating to the safe
         care of vulnerable adults;

     c.  Permitting persons who had evinced an intent to harm Mr. Hooker onto the wing with
         him without staff present to provide protection;

     d.  Failing to act reasonably to protect Mr. Hooker from abuse.

79.  As a direct and proximate result of the Defendants' breach of duty to Stephen Hooker,
     Mr. Hooker suffered serious injuries.

80.  Defendants were "caregivers" as defined in § 415.102(5), Florida Statutes.

81.   Defendants' acts and omissions as stated above constitute "abuse" as that term is defined in § 415.102(1), Florida Statutes, as well as "neglect" as that term is defined in § 415.102(15), Florida Statutes.

82.   Pursuant to § 415.1111, Florida Statutes, Plaintiff is entitled to actual damages from Defendant, as well as attorneys' fees and costs.

83.   Plaintiffs will seek punitive damages provided for in the statute.

84.   Plaintiffs also seek all damages permissible under Florida law including but not limited to pain and suffering and mental distress damages.

WHEREFORE, Plaintiff prays for judgment as noted below.

## V.   State Law Negligence Claim

85.   Stephen Hooker is entitled to relief against Defendant MIKE CARROLL, as Secretary of the Department of Children and Families, for common law negligence.

86.   The aforementioned Defendant had a duty of care for Plaintiff's well-being.

87.   Defendant Carroll breached that duty.

88.   The Defendant had a duty of care to Stephen Hooker to provide care, monitoring, supervision and of persons in his care.

89.   Defendant Carroll, his agents or employees, breached that duty of care by neglect and careless actions and by abusive acts or omissions that could reasonably be expected to result in serious physical injury.

90.   Defendant Carroll is liable for direct negligence for failure to non-negligently hire, train, supervise, and retain Department staff.

91.   Defendant Carroll is liable vicariously for the wrongful actions of employees in:

   e.   Failing to properly hire, supervise, train, and discipline persons involved in the supervision and care of vulnerable adults;

    f.   Failing to follow normal and accepted humane protective services relating to the safe care of vulnerable adults;

    g.   Permitting persons who had evinced an intent to harm Mr. Hooker onto the wing with him without staff present to provide protection;

    h.   Failing to act reasonably to protect Mr. Hooker from abuse.

92.   As a direct and proximate result of the Defendants' breach of duty to Stephen Hooker,

Mr. Hooker suffered serious injuries.

93.   Plaintiff seeks all damages permissible under Florida law including but not limited to

pain and suffering and mental distress damages.

WHEREFORE, Plaintiff prays for judgment as noted below.

### Prayer for Relief

WHEREFORE, the Plaintiff respectfully seeks judgment as follows:

    A.  Compensatory damages against each of the defendants herein;

    B.  Punitive damages against individual capacity defendants;

    C.  Damages available under § 415.1111, Fla.Stat.

    D.  Attorney's fees pursuant to 42 U.S.C. §§ 1988 and costs;

    E.  A trial by jury on all issues so triable;

    F.  Such further relief as the Court deems just and proper.

Respectfully Submitted,

*s/James V. Cook*
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

# Exhibit B

**to**
**DEFENDANTS' NOTICE OF REMOVAL**

# Summonses issued to Plaintiff by Gadsden County Clerk of Court

STEPHEN HOOKER v. MIKE CARROLL, as Secretary of the Florida Department of
Children and Families, MARGUERITE MORGAN, individually and
As Administrator of Florida State Hospital, RICKY RENARD
WYCHE, JR., and LATRELLE FAIN, individually,
USDC CASE NO:   4:18-cv-377

Filing # 72786508 E-Filed 05/29/2018 05:42:33 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR GADSDEN COUNTY, STATE OF FLORIDA

STEPHEN HOOKER,

     Plaintiff,

v.

CASE NO. 18000419CAA

MIKE CARROLL as Secretary of the Florida Department of
Children and Families, MARGUERITE MORGAN, individually and
as Administrator of Florida State Hospital, RICKY RENARD
WYCHE, JR., and LATRELLE FAIN, individually,

     Defendants.

**SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL**
**ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO**
**CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL**

TO/PARA/A    MIKE CARROLL as Secretary
           Florida Department of Children and Families
           1317 Winewood Blvd.
           Building 1, Room 202
           Tallahassee, FL 32399-0700
           850-487-1111

**IMPORTANT**

A lawsuit has been filed against you. You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at, **10 East Jefferson Street, Quincy, FL 32351**. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at:

**Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301**

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: **10 East Jefferson Street, Quincy, FL 32351**. Una llamada telefonica no lo protegera. Si usted desea que el tribuna l considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de

sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a: Nombre y direccion de la parte que entrega la orden de comparencencia:

**Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301**

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud. Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran enviados por correo a la direccion que este registrada en la oficina del Secretario.**

**IMPORTANT**

Des poursuites judiciaires ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cijointe aupres de ce tribunal. Qui se trouve a: {L'Adresse} **10 East Jefferson Street, Quincy, FL 32351**. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.

Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation:

**Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301**

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande. Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce process seront envoyer a l' adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _MAY 30, 2018_

(SEAL)

NICHOLAS THOMAS
CLERK OF THE CIRCUIT COURT

By: _Charlotte Wilaby_
Deputy Clerk

Filing # 72786508 E-Filed 05/29/2018 05:42:33 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR GADSDEN COUNTY, STATE OF FLORIDA

STEPHEN HOOKER,

      Plaintiff,

v.

MIKE CARROLL as Secretary of the Florida Department of
Children and Families, MARGUERITE MORGAN, individually and
as Administrator of Florida State Hospital, RICKY RENARD
WYCHE, JR., and LATRELLE FAIN, individually,

      Defendants.

CASE NO.

*18000419CAA*

### SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
### ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
### CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

TO/PARA/A    MARGUERITE MORGAN
              Hospital Administrator
              Florida State Hospital
              100 N. Main Street
              Chattahoochee, FL 32324
              850-663-7001

### IMPORTANT

A lawsuit has been filed against you. You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at, **10 East Jefferson Street, Quincy, FL 32351.** A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at:

**Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301**

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: **10 East Jefferson Street, Quincy, FL 32351.** Una llamada telefonica no lo protegera. Si usted desea que el tribuna l considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de

sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a: Nombre y direccion de la parte que entrega la orden de comparencencia:

**Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301**

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud. Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran enviados por correo a la direccion que este registrada en la oficina del Secretario.**

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cijointe aupres de ce tribunal. Qui se trouve a: {L'Adresse} **10 East Jefferson Street, Quincy, FL 32351**. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.

Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation:

**Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301**

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande. Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce process seront envoyer a l' adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _May 30, 2018_

(SEAL)

NICHOLAS THOMAS
CLERK OF THE CIRCUIT COURT

By: _Charlott Willoly_
Deputy Clerk

# Exhibit C

to
## DEFENDANTS' NOTICE OF REMOVAL

# Summonses
# (Service of process)

STEPHEN HOOKER v. MIKE CARROLL, as Secretary of the Florida Department of
Children and Families, MARGUERITE MORGAN, individually and
As Administrator of Florida State Hospital, RICKY RENARD
WYCHE, JR., and LATRELLE FAIN, individually,
USDC CASE NO:   4:18-cv-377

Filing # 72786508 E-Filed 05/29/2018 05:42:33 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR GADSDEN COUNTY, STATE OF FLORIDA

STEPHEN HOOKER,

    Plaintiff,

v.

MIKE CARROLL as Secretary of the Florida Department of
Children and Families, MARGUERITE MORGAN, individually and
as Administrator of Florida State Hospital, RICKY RENARD
WYCHE, JR., and LATRELLE FAIN, individually,

    Defendants.

CASE NO. *18000419CAA*

Served 7-19-18 @ 2:30p
TCSC

**SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL**
**ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO**
**CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL**

TO/PARA/A    MARGUERITE MORGAN
             Hospital Administrator
             Florida State Hospital
             100 N. Main Street
             Chattahoochee, FL 32324
             850-663-7001

**IMPORTANT**

A lawsuit has been filed against you. You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at, **10 East Jefferson Street, Quincy, FL 32351**. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at:

**Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301**

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: **10 East Jefferson Street, Quincy, FL 32351**. Una llamada telefonica no lo protegera. Si usted desea que el tribuna l considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de

sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a: Nombre y direccion de la parte que entrega la orden de comparencencia:

**Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301**

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud. Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cijointe aupres de ce tribunal. Qui se trouve a: {L'Adresse} **10 East Jefferson Street, Quincy, FL 32351**. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.

Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation:

**Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301**

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande. Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce process seront envoyer a l' adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _May 30, 2018_

(SEAL)

NICHOLAS THOMAS
CLERK OF THE CIRCUIT COURT

By: _Darlott Willaby_
        Deputy Clerk

PM 1:53 JUL 19 '18 0GC

Filing # 72786508 E-Filed 05/29/2018 05:42:33 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR GADSDEN COUNTY, STATE OF FLORIDA

STEPHEN HOOKER,

    Plaintiff,

v.

MIKE CARROLL as Secretary of the Florida Department of
Children and Families, MARGUERITE MORGAN, individually and
as Administrator of Florida State Hospital, RICKY RENARD
WYCHE, JR., and LATRELLE FAIN, individually,

    Defendants.

CASE NO.

18000419CAA

Served 7/19/18 At 1:50p
PSL

**SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL**
**ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO**
**CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL**

TO/PARA/A    MIKE CARROLL as Secretary
              Florida Department of Children and Families
              1317 Winewood Blvd.
              Building 1, Room 202
              Tallahassee, FL 32399-0700
              850-487-1111

**IMPORTANT**

A lawsuit has been filed against you. You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at, **10 East Jefferson Street, Quincy, FL 32351**. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at:

**Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301**

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: **10 East Jefferson Street, Quincy, FL 32351**. Una llamada telefonica no lo protegera. Si usted desea que el tribuna l considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de

sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a: Nombre y direccion de la parte que entrega la orden de comparencencia:

### Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud. Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cijointe aupres de ce tribunal. Qui se trouve a: {L'Adresse} **10 East Jefferson Street, Quincy, FL 32351.** Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.

Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation:

### Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande. Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce process seront envoyer a l' adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _MAy 30, 2018_

(SEAL)

NICHOLAS THOMAS
CLERK OF THE CIRCUIT COURT

By: _____
Deputy Clerk

# Exhibit D

to
**DEFENDANTS' NOTICE OF REMOVAL**

# Notice of Appearance on behalf of the Defendants Carroll and Morgan by Henry Buchanan, P.A.

STEPHEN HOOKER v. MIKE CARROLL, as Secretary of the Florida Department of
Children and Families, MARGUERITE MORGAN, individually and
As Administrator of Florida State Hospital, RICKY RENARD
WYCHE, JR., and LATRELLE FAIN, individually,
USDC CASE NO:   4:18-cv-377

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR GADSDENCOUNTY, FLORIDA

STEPHEN HOOKER,

      Plaintiff,

                                            Case No. 2018-CA-000419

vs.

MIKE CARROLL, as Secretary of the Florida Department of
Children and Families, MARGUERITE MORGAN, individually and
As Administrator of Florida State Hospital, RICKY RENARD
WYCHE, JR., and LATRELLE FAIN, individually,

      Defendants.

_____/

### NOTICE OF APPEARANCE

      PLEASE TAKE NOTICE that the undersigned hereby notices the appearance of Henry

Buchanan, P.A., and its attorneys, Laura Beth Faragasso and Dawn M. McMahon on behalf of

Defendants, MIKE CARROLL, as Secretary of the FLORIDA DEPARTMENT OF CHILDREN

& FAMILIES, and MARGUERITE MORGAN, individually and as Administrator of Florida

State Hospital. The undersigned respectfully requests inclusion with the party's service list

respective to this cause.

      Dated this 2nd day of August, 2018.

                                  HENRY BUCHANAN, P.A.

                                *s/ Laura Beth Faragasso*
                                LAURA BETH FARAGASSO
                                Florida Bar No. 0654604
                                lbfaragasso@henryblaw.com
                                DAWN M. McMAHON
                                Florida Bar No. 735531
                                dmcmahon@henryblaw.com
                                Post Office Drawer 14079
                                Tallahassee, Florida 32317-4079
                                Telephone:    (850) 222-2920
                                Facsimile:    (850) 224-0034

Attorneys for Defendants
*MIKE CARROLL, as Secretary of the FLORIDA*
*DEPARTMENT OF CHILDREN & FAMILIES, and*
*MARGUERITE MORGAN, individually and as*
*Administrator of Florida State Hospital.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via electronic mail service and U.S. Mail to James V. Cook, Esq., 314 W. Jefferson St., Tallahassee, FL 32301 at cookjv@gmail.com on this 2nd day of August, 2018.

*s/ Laura Beth Faragasso*
Attorney