UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**STEPHEN HOOKER,**

    **Plaintiff,**

                            Case No. 4:18-cv-377

**vs.**

**MIKE CARROLL, as Secretary of the Florida Department of Children and Families, MARGUERITE MORGAN, individually and As Administrator of Florida State Hospital, RICKY RENARD WYCHE, JR., and LATRELLE FAIN, individually,**

    **Defendants.**

_____/

**DEFENDANT, MARGUERITE MORGAN'S, ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, MARGUERITE MORGAN, individually,[1] answers the similarly numbered paragraphs of Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

1. Admitted for jurisdictional purposes only. Denied that Plaintiff is entitled to any relief whatsoever.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only. Denied that Plaintiff has stated, or can state, valid causes of action under 42 U.S.C. §§ 1983 and 1988.

---

[1] Although Ms. Morgan's defendant status is styled as "Marguerite Morgan, individually, and as Administrator of Florida State Hospital," paragraphs 8 and 69 of Plaintiff's Complaint make it clear that she is sued only in her individual capacity, and not in her official capacity.

4.  Admitted that venue was proper as filed in Gadsden County, Florida; however, Defendants Carroll and Morgan have exercised their right of removal to federal district court.

5.  Denied.

## PARTIES

6.  Without knowledge as to Plaintiff's current residency. Admitted that Plaintiff resided at Florida State Hospital during the times material to this action.

7.  Admitted.

8.  Admitted that Defendant Morgan was, at the times material to this action, the Hospital Administrator for Florida State Hospital and that she has been sued in her individual capacity. Otherwise, denied.

9.  Without knowledge and therefore denied.

10. Without knowledge and therefore denied.

## COMMON ALLEGATIONS OF FACT

11. Admitted.

12. Admitted that at the times material to this action, Plaintiff was a resident of Florida State Hospital.

13. Without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Denied.

16.  Denied.

**A. The First Incident, June 2 and 3, 2014**

17.  Admitted that Florida State Hospital has various housing units, some of which have locked wards which are separate from one another. Otherwise, denied.

18.  Admitted that some wards have surveillance cameras and restricted access. Otherwise, denied.

19.  Denied.

20.  Without knowledge and therefore denied.

21.  Without knowledge and therefore denied.

22.  Without knowledge and therefore denied.

23.  Without knowledge and therefore denied.

24.  Without knowledge and therefore denied.

25.  Without knowledge and therefore denied.

26.  Without knowledge and therefore denied.

27.  Without knowledge and therefore denied.

28.  Without knowledge and therefore denied.

29.  Without knowledge and therefore denied.

30.  Without knowledge and therefore denied.

31.  Without knowledge and therefore denied.

32. Without knowledge and therefore denied.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

**B. The Second Incident, August 17, 2016**

35. Without knowledge and therefore denied.

36. Without knowledge and therefore denied.

37. Without knowledge and therefore denied.

38. Without knowledge and therefore denied.

39. Without knowledge and therefore denied.

40. Without knowledge and therefore denied.

41. Without knowledge and therefore denied.

42. Without knowledge and therefore denied.

43. Without knowledge and therefore denied.

44. Without knowledge and therefore denied.

45. Without knowledge and therefore denied.

46. Without knowledge and therefore denied.

**C. Conditions at Florida State Hospital Were Known to be Dangerous**

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Admitted that Plaintiff has retained counsel. Without knowledge as to Plaintiff's financial arrangements with his attorney. Denied that Plaintiff is entitled to any award of attorney's fees or costs.  Otherwise, denied.

## CAUSES OF ACTION

### I.   Failure to Protect under 42 U.S.C. § 1983 – Latrelle Fain

63. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

64. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

65. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

### II.   Failure to Protect under 42 U.S.C. § 1983 – Ricky Wyche

66. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

67. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

68. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

### III.   Failure to Protect under 42 U.S.C. § 1983 – Marguerite Morgan

69. Denied.

70. Denied.

71. Admitted that Plaintiff has retained counsel. Without knowledge as to Plaintiff's financial arrangements with his attorney. Denied that Plaintiff is entitled to any award of attorney's fees or costs. Otherwise, denied.

**IV. Abuse and Neglect of a Vulnerable Adult (§ 415.1111 Fla. Stat.) – Ricky Wyche**

72. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

73. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

74. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

75. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

76. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

77. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

78. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

  a. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

  b. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

  c. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

  d. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

79. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

80. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

81. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

82. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

83. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

84. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

## V. State Law Negligence Claim – Mike Carroll, as Secretary of the Department of Children and Families

85. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

86. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

87. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

88. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

89. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

90. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

91. This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

   e. [sic.]  This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

   f.  This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

    g.    This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

    h.    This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

92.    This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

93.    This claim is not asserted against Defendant Morgan, and therefore no answer is made to these allegations.

## GENERAL DENIAL

All allegations not expressly admitted are denied in their entirety.

## PRAYER FOR RELIEF

Denied that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Admitted that Plaintiff has demanded trial by jury and similarly demands trial by jury for itself.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant Morgan asserts the following, separate and distinct defenses:

1.    Plaintiff's Complaint against Defendant Morgan fails to state a cause of action for which relief can be granted, or alternatively, Plaintiff cannot establish essential elements of the cause of action asserted.

2. Defendant Morgan at all times acted in good faith in accordance with all statutes, rules, and regulations, both state and federal, and in accordance with DCF's own internal policies, rules, and procedures.

3. Defendant Morgan is entitled to protection from suit and liability by the doctrine of qualified immunity. Specifically, any and all actions of Defendant Morgan were undertaken pursuant to discretionary authority and within the course and scope of her employment, were taken in good faith and were not contrary to obligations created by clearly established law. The conduct of the Defendant Morgan did not violate any clearly established statutory or constitutional right of which a reasonable person would have known. Moreover, based on established law, Defendant Morgan could not have been expected to reasonably know that such actions would violate an alleged constitutional standard as alleged in Plaintiff's Complaint.

4. The conduct of the Defendant Morgan was not the proximate cause of any alleged injury to Plaintiff, which were the consequences of his own conduct or the conduct of unknown third persons. Defendant Morgan reserves the right to amend her affirmative defenses to identify any non-parties or other persons or entities following discovery in this case.

5. Plaintiff's claim may be are barred by the applicable statute of limitations.

6.   To the extent that Plaintiff is entitled to an award of damages, which the Defendant Morgan expressly denies, Plaintiff has failed to mitigate his damages.

7.   To the extent that Plaintiff is entitled to an award of damages, which Defendant Morgan expressly denies, Defendant is entitled to a reduction of the damages award for any amounts received by Plaintiff from any third person or collateral sources arising from or out of the same claims and injuries asserted in the Complaint.

8.   Defendant Morgan cannot be held vicariously liable for the actions or inactions of staff of Florida State Hospital under the claim asserted by Plaintiff.

9.   As this matter is in the beginning stage and discovery has not yet been conducted, Defendant Morgan reserves the right to amend this answer, defenses, and affirmative defenses to assert additional defenses as may be revealed by discovery or as otherwise allowed by law.

WHEREFORE, Defendant Morgan requests a jury trial and hereby demands judgment in her favor, and against Plaintiff, and for the Court to award any other and further relief it deems just and proper.

Dated this 8th day of August 2018.

HENRY BUCHANAN, P.A.

*s/ Laura Beth Faragasso*

LAURA BETH FARAGASSO
Florida Bar No. 0654604
lbfaragasso@henryblaw.com
DAWN M. McMAHON
Florida Bar No. 735531
dmcmahon@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
Telephone:   (850) 222-2920
Facsimile:   (850) 224-0034
Attorneys for Defendants
*MIKE CARROLL, as Secretary of the FLORIDA DEPARTMENT OF CHILDREN & FAMILIES, and MARGUERITE MORGAN*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed via the CM/ECF system with will send electronic notification to all attorneys of record on this 8th day of August 2018.

*s/ Laura Beth Faragasso*
Attorney